UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIJUANA MIDDLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9116** |
| **MERCURY INSURANCE COMPANY** | **SECTION: G (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff Tijuana Middleton's ("Plaintiff") Motion to Remand.[1] In the petition, Plaintiff brings a negligence claim against Defendants Darren Erman ("Erman"), GEICO Insurance Company ("GEICO"), and Mercury Insurance Company ("Mercury") for injuries she sustained in a traffic accident.[2] Since filing the petition, Plaintiff has settled her claims against Erman and GEICO, leaving Mercury as the only remaining defendant.

In the instant motion, Plaintiff argues this case should be remanded to state court because Mercury removed the case after the deadline for removal.[3] Mercury opposes remand.[4] Both parties request attorney's fees and costs.[5] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies Plaintiff's Motion to Remand and denies both parties' requests for attorney's fees and costs.

---

[1] Rec. Doc. 4-1.

[2] Rec. Doc. 1-2.

[3] Rec. Doc. 4-1.

[4] Rec. Doc. 6.

[5] Rec. Doc. 4-1 at 4; Rec. Doc. 6 at 3.

## I. Background

This litigation arises out of an alleged traffic accident which occurred on or about March 9, 2018.[6] In her Petition, Plaintiff alleges that while proceeding through an intersection with a green light, she was struck by a sedan, driven by Erman, that did not yield to oncoming traffic.[7] Plaintiff further alleges that the impact pushed her car off the road and into a nearby building.[8] Plaintiff alleges that the collision resulted in serious personal injuries and property damage.[9] Plaintiff alleges that Erman was negligently operating his vehicle, and that GEICO is liable for her injuries as Erman's insurer.[10] Plaintiff also seeks damages from Mercury, an insurance company that provides Plaintiff with an uninsured/underinsured motorist policy.[11]

On April 6, 2018, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[12] Plaintiff contends that in late March, she settled her claims against Erman and GEICO, memorializing the agreement in a March 26, 2019 email.[13] Plaintiff then asserts that on April 3, 2019, she notified Mercury by email of her intention to voluntarily dismiss Erman and GEICO.[14] Mercury filed a Notice of Removal on April 8, 2019, arguing that the instant case possessed complete diversity of citizenship and an amount in controversy exceeding the federal jurisdictional amount.[15] In the Notice of Removal, Mercury asserts that

---

[6] Rec. Doc. 1-2 at 10.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 10–12.
[10] *Id.* at 11.
[11] *Id.* at 9, 12.
[12] Rec. Doc. 1-2.
[13] Rec. Doc. 4-1 at 1.
[14] *Id.*
[15] Rec. Doc. 1 at 1–2.

Plaintiff is a citizen of Louisiana, and Mercury is a foreign insurance company incorporated in and with its principal place of business located in the State of California.[16] In the Notice of Removal, Mercury acknowledges that Erman and GEICO were non-diverse defendants.[17] However, Mercury asserts that all claims against these defendants were settled, rendering them nominal parties whose citizenship may be disregarded by the Court.[18] Mercury also asserts it had previously dismissed its crossclaim against Erman and GEICO, and that this filing did not waive its right to remove.[19]

On May 8, 2019, Plaintiff filed the instant Motion to Remand, arguing that Mercury's removal was not timely.[20] On May 24, 2019, Mercury filed an opposition to the motion.[21]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Remand*

In the motion, Plaintiff claims Mercury's removal is defective because Mercury did not meet the deadline for removal under the federal rules, and Mercury cannot overcome this deadline because it did not raise bad faith claims against Plaintiff.[22]

Plaintiff argues that removal jurisdiction through diversity of citizenship requires that the parties be completely diverse.[23] Plaintiff states that the moving party has the burden of proving removal is proper, and that a nonmovant may challenge removal with a Motion to Remand.[24]

---

[16] Rec. Doc. 1 at 2.
[17] Rec. Doc. 1 at 3.
[18] *Id.* at 3.
[19] *Id.* at 3–4.
[20] Rec. Doc. 4-1.
[21] Rec. Doc. 6.
[22] Rec. Doc. 4-1.
[23] *Id.* at 2 (citing 28 U.S.C. § 1441(b)).
[24] *Id* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Plaintiff argues that the Fifth Circuit strictly construes removal: when there is doubt regarding removal's propriety, the case should be remanded.[25]

Plaintiff states that on April 3, 2019, Plaintiff notified Mercury she would soon voluntarily dismiss Erman and GEICO from the instant case.[26] Plaintiff argues that Mercury knew from that date onward that the case would be removable because Plaintiff's Petition stated her damages exceeded $75,000.[27] Therefore, Plaintiff argues that Mercury had 30 days from receipt of this email to file for removal.[28] Plaintiff also contends that Mercury needed to file its Notice of Removal before April 6, 2019, as the case was originally filed on April 6, 2018 and a party cannot remove a case to federal court more than one year from the action's commencement, absent a showing of bad faith.[29] Plaintiff asserts that Mercury failed to meet the April 6, 2019 deadline because it filed its Notice of Removal on April 8, 2019.[30] Additionally, Plaintiff asserts that Mercury cannot overcome its late filing because Mercury presented no claims nor evidence of Plaintiff's bad faith in its Notice of Removal.[31] Finally, Plaintiff requests that she be awarded attorney's fees and costs due to the case's wrongful removal.[32]

### B. *Mercury's Arguments in Opposition to the Motion to Remand*

In opposition, Mercury argues removal was timely under Federal Rule of Civil Procedure 6.[33] Mercury acknowledges the instant case was filed in state court on April 6, 2018, and that

---

[25] *Id.* (citing *Guitierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)).

[26] *Id.*

[27] *Id.* at 3–4.

[28] *Id.* at 2 (citing 28 U.S.C. § 1446(b)(3)).

[29] *Id.* at 2–3 (citing 28 U.S.C. § 1446(c)(1)).

[30] *Id.* at 1–2.

[31] *Id.* at 3–4. (citing *Jones v. Trinidad*, No. 18-13950, 2019 U.S. Dist. LEXIS 77651 (E.D. La. May 8, 2019)).

[32] *Id.* at 4 (citing 28 U.S.C. § 1447(c)).

[33] Rec. Doc. 6.

Mercury filed the instant Notice of Removal on April 8, 2019.[34] However, Mercury argues that removal was timely, even though removal was over one year later, because April 6, 2019 was a Saturday.[35] Thus, Mercury argues that the deadline for removal was extended to the next a legal business day, April 8, 2019.[36]

Mercury states that according to Rule 6(a)(1), when a time computing method for a filing deadline is not specified under the federal rules, the court counts all days of the week and holidays when calculating deadlines.[37] However, Mercury states that where the time period's last day is a Saturday, Sunday, or legal holiday, the deadline extends to the next legal business day.[38] Mercury argues that Rule 6(a)(1) applies here because the statute governing removal does not specify a method to compute running time.[39] Mercury asserts that one year from the filing of the case was April 6, 2019, which was a Saturday.[40] Thus, Mercury argues that it properly filed its Notice of Removal on the true deadline, the next legal business day: Monday, April 8, 2019.[41] Accordingly, Mercury argues Plaintiff's Motion to Remand is without merit.[42]

Mercury also asserts that prior to filing its opposition it contacted Plaintiff's counsel, presented them with this controlling law, and asked them to dismiss Plaintiff's Motion to Remand.[43] Mercury contends that Plaintiff ignored this request.[44] Therefore, Mercury argues that

---

[34] *Id.* at 1.

[35] *Id.* at 1–2.

[36] *Id.*

[37] *Id.* at 2. (citing Fed. R. Civ. P. 6(a)(1)(B)).

[38] *Id.* at 2. (citing Fed. R. Civ. P. 6(a)(1)(C)).

[39] *Id.*

[40] *Id.* (citing 28 U.S.C. § 1446; *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 764 n.3 (5th Cir. 1999)).

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

the Court should deny Plaintiff's Motion to Remand, and award Mercury attorney's fees and costs.[45]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[46] A federal court has subject matter jurisdiction over an action when the amount in controversy "exceeds the sum or value of $75,000" and the action "is between citizens of different states."[47]

If a case was not removable when the initial pleading was filed, a party can file a notice of removal after the defendant is notified that the case has become removable.[48] A case cannot be removed based on diversity jurisdiction more than one year after the action commenced, unless the district court determines that the plaintiff acted in bad faith to prevent removal.[49] A plaintiff can always object to removal based on lack of subject-matter jurisdiction, and object on other bases by filing a motion to remand within 30 days of the filing of the notice of removal.[50] The removal statute does not specify a method to compute time periods.[51]

Federal Rule of Civil Procedure 6 establishes a method to compute time periods that applies when a statute does not specify a method of its own.[52] When computing time with Rule 6, a court

---

[45] *Id.* at 3.

[46] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). *See also Girod LoanCo, LLC v. Heisler*, No. CV 19-2363, 2019 WL 2385808, at *2 (E.D. La. June 5, 2019); *Roy v. Am. Covers Inc.*, No. CV 15-4447, 2016 WL 1729228, at *2 (E.D. La. May 2, 2016).

[47] 28 U.S.C. § 1332(a)(1).

[48] 28 U.S.C. § 1446(b)(3).

[49] 28 U.S.C. § 1446(c)(1); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1753 (2019).

[50] *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

[51] *See generally* 28 U.S.C. §§ 1441, 1446.

[52] Fed. R. Civ. P. 6(a); *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 205 (5th Cir. 2018).

counts all days after the period's trigger date, including Saturdays, Sundays, and legal holidays, as part of the time period.⁵³ However, if the last day of the time period falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."⁵⁴

### IV. Analysis

Plaintiff argues that this case should be remanded because Mercury filed its notice of removal after the one-year filing deadline of April 6, 2019.⁵⁵ Mercury argues that this case was properly removed on Monday, April 8, 2019, as the former date falls on a Saturday.⁵⁶

Federal Rule of Civil Procedure 6 states that all days of the week and holidays after a time period's trigger date are included in running time where a statute does not specify a time computing method.⁵⁷ However, when the time period's last day is a Saturday, Sunday, or legal holiday, the deadline officially extends to the next day which is not a Saturday, Sunday, or legal holiday—or, the next legal business day.⁵⁸

Here, Plaintiff filed the instant case on April 6, 2018, and Mercury filed its notice of removal on April 8, 2019.⁵⁹ In its notice of removal, Mercury asserts diversity jurisdiction

---

⁵³ Fed. R. Civ. P. 6(a)(1)(B); *Harper v. Am. Airlines, Inc.*, 371 F. App'x 511, 512 (5th Cir. 2010).

⁵⁴ Fed. R. Civ. P. 6(a)(1)(C); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 505 n.25 (5th Cir. 2019); *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 764 n.3 (5th Cir. 1999). *See, e.g.*, *Perry v. Strategic Realty Capital, LLC*, No. CV 17-1799-JWD-EWD, 2019 WL 384000, at *4 (M.D. La. Jan. 30, 2019); *Bank of New York Mellon v. Maniscalco*, No. 1:15-CV-35, 2016 WL 3584425, at *3 (E.D. Tex. Mar. 28, 2016); *Corona v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-1651, 2010 WL 2636119, at *1 (S.D. Tex. June 29, 2010) (applying Fed. R. Civ. P. 6(a)(1)(C) so that statutory time periods which ended on a weekend or legal holiday have a deadline extended to the next legal business day).

⁵⁵ Rec. Doc. 4-1.

⁵⁶ Rec. Doc. 6.

⁵⁷ Fed. R. Civ. P. 6(a)(1)(A)-(C).

⁵⁸ Fed. R. Civ. P. 6(a)(1)(C).

⁵⁹ Rec. Doc. 1-2; Rec. Doc. 1.

according to Section 1332.[60] Plaintiff and Mercury are diverse—citizens of Louisiana and California, respectively.[61] Plaintiff's Petition alleges the amount in controversy exceeded $75,000.[62] In its notice of removal, Mercury does not contest that indicated damages exceeded $75,000.[63]

Rule 6's time computing method applies because Section 1446, the federal procedural statute for removal, does not specify a time computing method.[64] Following Rule 6, the Court finds that Mercury's removal is timely because the filing period's last day fell on Saturday, April 6, 2019.[65] Following Rule 6's "rule for weekends," Mercury properly filed its notice of removal on the next legal business day: Monday, April 8, 2019.[66] While Mercury filed on the last possible day of its removal period, Mercury correctly construed the removal statute and time computing rule.[67]

In her Motion to Remand, Plaintiff requests attorney's fees and costs incurred from Mercury's removal.[68] In its opposition to Plaintiff's Motion to Remand, Mercury also requests attorney's fees and costs.[69]

---

[60] Rec. Doc. 1 at 2.

[61] *Id.* The parties in this dispute were not originally diverse, but Plaintiff sought to voluntarily dismiss the non-diverse parties, Erman and GEICO, as of late March 2019 and alerted Mercury of this intention on April 3, 2019. *See* Rec. Doc. 4-1 at 1–2.

[62] Rec. Doc. 1-2 at 12, *see also* Rec. Doc. 1 at 2.

[63] Rec. Doc. 1 at 2.

[64] Fed. R. Civ. P. 6(a).

[65] Fed. R. Civ. P. 6(a)(1)(C); *see* Rec. Doc. 6 at 1–2.

[66] Fed. R. Civ. P. 6(a)(1)(C); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 505 n.25 (5th Cir. 2019).

[67] *See* Rec. Doc. 6.

[68] Rec. Doc. 4-1 at 4.

[69] Rec. Doc. 6 at 3.

Courts rarely award a party attorney's fees without applicable statutory provisions allowing a party to recover them.[70] Federal courts have an "inherent power to award attorney's fees," but courts primarily limit its exercise to matters where a party has acted in bad faith.[71] For a court to find a party's conduct was in bad faith, the conduct must meet a high bar of misbehavior.[72] Even when statutory provisions provide parties opportunities to collect attorney's fees, such awards are typically limited to demonstrations of bad faith or egregious misbehavior.[73]

Because Mercury's removal was proper in the instant case, Plaintiff cannot use Section 1447(c) to recover attorney's fees, and there is no other statute that allows recovery in this case.[74] Additionally, neither party's behavior reached the high bar for bad faith—Mercury removed after agreeing to settle the case with non-diverse defendants, Plaintiff filed the instant Motion to Remand, and the parties disagreed about the applicable procedure. This procedural dispute does not meet the demanding standard of oppressive, vicious conduct.[75]

---

[70] *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) ("Under the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") [internal quotation marks omitted]; *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 (5th Cir. 2015) ("…[N]ecessarily stringent standards gover[n] awards of attorne[y's] fees under the common law.")

[71] *Id.*

[72] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014) (describing a party's behavior warranting the award of attorney's fees as acting "in bad faith, vexatiously, wantonly, or for oppressive reasons"); *Davis v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied, Indus. & Serv. Workers Int'l Union, Local No. 13-423*, 750 F. App'x 335, 340 (5th Cir. 2018) ("Bad faith occurs when a union acts with a motive to harm ... and turns on the subjective motivation of the union officials. This is a demanding standard….") [internal quotation marks omitted]; *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 (5th Cir. 2015) ("A party should not be penalized for maintaining an aggressive litigation posture, and a court should award fees only in extraordinary cases.") [internal quotation marks omitted].

[73] *See Octane Fitness v. ICON Health & Fitness*, 572 U.S. at 555 (discussing an attorney's fee award through the Lanham Act in cases of bad faith and exceptional misbehavior); *Gate Guard Servs. v. Perez*, 792 F.3d at 561 (discussing an attorney's fee award through the Equal Access to Justice Act's bad faith provision); *Carter v. Luminant Power Servs. Co.*, 714 F.3d 268, 269 (5th Cir. 2013) (discussing an attorney's fee award through Title VII of the Civil Rights Act); *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 349–50 (5th Cir. 2013) ("[W]e cannot agree that [Plaintiff's] Title VII discrimination claim was frivolous, unreasonable or without foundation. The district court's fee award constitutes an abuse of discretion.") [internal quotations marks omitted].

[74] 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal.").

[75] *Octane Fitness*, 572 U.S. at 557; *Davis v. United Steel*, 750 F. App'x at 340; *Gate Guard Servs. v. Perez*,

## V. Conclusion

Based on the foregoing, Plaintiff's Motion to Remand lacks merit because it ignores applicable procedure. Mercury's removal was timely because Mercury filed it on the next legal business day after the weekend deadline. Therefore, the Court denies Plaintiff's Motion to Remand. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tijuana Middleton's Motion to Remand[76] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and Mercury's request for attorney's fees[77] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 28th day of June, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

792 F.3d at 561.

[76] Rec. Doc. 4-1.

[77] Rec. Doc. 6.