# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIJUANA MIDDLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-09116** |
| **GEICO INSURANCE COMPANY, MERCURY INSURANCE COMPANY, AND DARREN ERMAN** | **SECTION: T(3)** |

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Mercury Insurance Company ("Mercury"). Tijuana Middleton ("Plaintiff") has filed an opposition.[2] For the following reasons, the motion for summary judgment is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This action involves Plaintiff's claims for damages resulting from an automobile accident in New Orleans on March 9, 2018.[3] At the time of the accident, Mercury provided Plaintiff an uninsured motorist insurance policy, which states that Mercury has the right to deny coverage for any accident or loss for which a claim is made "if in connection with such claim, the named insured or any other insured or any representative of any insured, concealed any material fact or circumstance, or made any false representation or statement concerning any material fact or circumstance."[4]

Mercury contends Plaintiff misrepresented her residence and domicile when she purchased the policy.[5] Mercury attaches an automobile policy declaration for the policy period of December 8, 2017 through June 8, 2018, where Plaintiff's mailing address is listed as P.O. Box 56516, Los

---

[1] R. Doc. 9.
[2] R. Doc. 15.
[3] R. Doc. 1-2, p.10.
[4] R. Doc. 9-3, p.17, §9.
[5] R. Doc. 9-6, p.1.

1

Angeles, California, and the vehicle is listed as garaged in Los Angeles, California.[6] Mercury also attaches an affidavit of its representative indicating that Plaintiff misrepresented her state of residency and that Mercury would not have insured Plaintiff had it known she lived in Louisiana.[7]

Plaintiff attests she informed Mercury of the New Orleans garaging address over the phone on December 1, 2017.[8] Plaintiff attaches a letter addressed to Plaintiff at her New Orleans mailing address from Mercury's insurance producer requesting Plaintiff verify her garaging address.[9] Plaintiff also attests she notified the insurance producer that her vehicle was garaged in New Orleans on December 26, 2017,[10] and that Mercury did not notify Plaintiff of any intent to cancel the policy between December 8, 2017 and March 9, 2018.[11]

Mercury now moves for summary judgment asserting that the undisputed material facts demonstrate that Plaintiff misrepresented her residence when renewing her Mercury insurance policy.[12] Mercury contends there is no coverage under the insurance policy because Plaintiff's misrepresentation was material to the risk.[13]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[15] All

---

[6] R. Doc. 9-3, p.1.
[7] R. Doc. 9-2.
[8] R. Doc. 15-2, ¶10.
[9] R. Doc. 15-5.
[10] R. Doc. 15-2, ¶13.
[11] R. Doc. 15-2, ¶15.
[12] R. Doc. 9-6.
[13] R. Doc. 9-6, p.6.
[14] Fed. R. Civ. P. 56(a).
[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[16] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[17] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[18]

In diversity cases, the court must apply the law of the forum state to determine which state's law applies.[19] However, "[i]f the laws of the states do not conflict, then no choice-of-law analysis is necessary," and the court may simply apply the law of the forum state.[20] Mercury asserts summary judgment is appropriate pursuant to La. R.S. § 22:860,[21] and Plaintiff indicates that the Court could proceed with the analysis under Louisiana law because "the California and Louisiana law on fraud and misrepresentation in insurance applications are similar."[22] Because both parties analyze the issue under Louisiana law, the Court will use Louisiana law in this analysis.

La. R.S. § 22:860(B)(2) provides that the falsity of any statement in an application for insurance shall not bar the right to recovery under the contract unless the false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer under the policy.

---

[16] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[17] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[18] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[19] *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir.2005).
[20] *Schneider Nat'l Transp. v. Ford Motor Co.,* 280 F.3d 532, 536 (5th Cir.2002); *W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 874 (5th Cir.1990).
[21] R. Doc. 9-6.
[22] R. Doc. 15, p.6.

Under Louisiana law, a misrepresentation is material "if the truth would have resulted in the insurer not issuing the policy of insurance or issuing the policy at a higher rate."[23]

Mercury contends there is no coverage under the insurance policy because Plaintiff misrepresented her residence and Plaintiff's misrepresentation was material to the risk.[24] The Court finds that there are material facts in dispute regarding whether Plaintiff misrepresented her residence. Mercury attests that Plaintiff represented her residence was in California, but Plaintiff attests that she informed Mercury that she moved her residence to Louisiana. Because the competent summary judgment evidence shows that there is a dispute as to whether Plaintiff informed Mercury that she moved her residence, summary judgment is not appropriate on the basis that there is no coverage under Mercury's insurance policy.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment is **DENIED.**

**New Orleans, Louisiana**, on this 15th day of October, 2019.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[23] *Abshire v. Desmoreaux*, 2007–626 (La.App. 3 Cir. 11/7/07), 970 So.2d 1188, *writ denied,* 2008-0226 (La. 4/4/08), 978 So.2d 326 (*citing Pryor v. State Farm Mut. Auto. Ins. Co.*, 1995–187 (La.App. 3 Cir. 8/30/95), 663 So.2d 112, 115; *Irving v. U.S. Fidelity & Guar. Co.*, 606 So.2d 1365 (La.App. 2 Cir.1992)).
[24] R. Doc. 9-6, p.6.

4