UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIJUANA MIDDLETON                                          CIVIL ACTION 19-9116

VERSUS

GEICO INSURANCE COMPANY,                                   SECTION: "T"
MERCURY INSURANCE COMPANY
AND DARREN ERMAN

### ORDER

Before the Court is a Motion for Partial Summary Judgment[1] filed by Mercury Insurance Company ("Mercury"). No opposition has been filed. For the following reasons, the Motion for Partial Summary Judgment[2] is **GRANTED.**

### BACKGROUND

This suit arises out of an alleged traffic accident which occurred on March 9, 2018. Tijuana Middleton ("Plaintiff") alleges that while proceeding through an intersection with a green light, she was struck by a sedan, driven by defendant, Darren Erman, that did not yield to oncoming traffic. Plaintiff alleges that Erman was negligently operating his vehicle, and that GEICO is liable for her injuries as Erman's insurer. Plaintiff also seeks damages from Mercury, an insurance company that provides Plaintiff with an uninsured/underinsured motorist policy.

Mercury moves for partial summary judgment contending that the Court should apply California law to the interpretation of the Mercury policy at issue and reduce the limits of the Mercury uninsured motorist policy from $100,000 to $80,000.

---

[1] R. Doc. 24.
[2] R. Doc. 24.

1

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[4] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[6] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[7]

The Louisiana Supreme Court has established that Louisiana's UM law does not automatically apply to a UM claim under a policy issued in another state when a Louisiana resident is involved in the accident, even when the accident occurs in Louisiana.[8] Rather, "the appropriate starting point in a multistate case ... is to first determine that there is a difference between Louisiana's UM law and the UM law of the foreign state, and then to conduct a choice-of-law analysis, as codified in Book IV of the Civil Code, to determine which state's law applies to the interpretation of the UM policy."[9] The conflict of law analysis regarding an insurance policy is codified in Louisiana Civil Code articles 3515 and 3537. Article 3515 provides, in pertinent part,

---

[3] Fed. R. Civ. P. 56(a).
[4] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[5] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[7] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[8] *Champagne v. Ward*, 2003-3211, p. 22 (La. 1/19/05), 893 So. 2d 773, 786.
[9] *Id.*

that "an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."[10] The article further provides two factors the court must consider: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.[11]

Similarly, Article 3537 specifically concerns contracts or conventional obligations and provides that in determining which state law applies, the Court must also consider, in addition to the factors articulated in Article 3515, the following: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referenced in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.[12] "[T]he law of the state applicable to the insurance contract and its UM coverage is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of the factors set forth in those Civil Code articles."[13]

After balancing the state contacts and the respective state policies and interests, the Court finds that California's policies would be more seriously impaired if its law was not applied to the insurance policy. It is undisputed that Mercury's policy was issued in California to a California

---

[10] La. Civ. Code art. 3515.
[11] *Id.*
[12] La. Civ. Code art. 3537.
[13] *Champagne*, 2003-3211, p. 2, 893 So. 2d at 786 (*citing* La. Civ. Code arts. 3515 and 3537).

address.[14] Plaintiff has alleged that she is a resident of California, and that she did not misrepresent her address to Mercury.[15] California has a more substantial interest in the uniform application of its laws governing contracts than Louisiana has in providing an insurance remedy to an out-of-state resident who was injured while temporarily within the borders of Louisiana. Unlike Louisiana law, California law requires UM benefits to be reduced, by the amount available from the negligent driver's insurer.[16] It is undisputed that GEICO issued an insurance policy with $20,000 in liability insurance available to Plaintiff.[17] Therefore, applying the California reduction clause, the limits of Mercury's uninsured motorist policy should be reduced to $80,000.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment[18] filed by Mercury Insurance Company ("Mercury") is **GRANTED.**

**New Orleans, Louisiana**, on this 12th day of June, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 24, Exhibits 1 and 2.
[15] R. Doc. 24, Exhibit 3.
[16] Cal. Ins. Code § 11580.2, subdivision (p)(4).
[17] R. Doc. 24, Exhibit 4.
[18] R. Doc. 24.